**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD LAWRENCE TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. CORTEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00976-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF Nos. 24)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

Plaintiff Howard Lawrence Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against R. Cortez for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.　Background**

On July 30, 2015, Defendant R. Cortez filed a motion for summary judgment on the grounds that: (1) Plaintiff has provided no evidence she was subjectively aware he had a serious medical need, as required to prove his claim for deliberate indifference under the Eighth Amendment; (2) Plaintiff provided no evidence that she was deliberate indifferent to his medical need; (3) Plaintiff cannot establish a causal link between his pain and her actions; and (4) she is entitled to qualified immunity

1

because she acted reasonably and did not violate Plaintiff's Eighth Amendment rights. (ECF No. 24-1.) Concurrent with the motion, Plaintiff was provided with notice of his obligations in opposing a motion for summary judgment. (ECF No. 24). See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Plaintiff did not file a timely opposition to Defendant's motion for summary judgment. As a result, on September 1, 2015, the Court ordered Plaintiff to file an opposition or statement of non-opposition within twenty-one days of service of that order, granting him another opportunity to have this matter addressed on the merits. (ECF No. 27.) Pursuant to the Court's order, Plaintiff's opposition to the motion for summary judgment was due on or before September 25, 2015. Plaintiff filed no opposition to the motion and failed to otherwise respond to the Court's order.

At this time, more than two months have passed since Defendant filed the motion for summary judgment, but Plaintiff has failed to submit any opposition to Defendant's motion in compliance with Local Rule 230(l), and has made no response to the Court's September 1, 2015 order.

**II.    Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending over two years, and Defendant's motion for summary judgment has been pending for over two months without any response by Plaintiff. Plaintiff is obligated to comply with the Local Rules and was informed by Defendant of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendant's notice, Plaintiff did not file a timely opposition. Nonetheless, the Court permitted Plaintiff an opportunity to comply and to prosecute his case by extending the time for his opposition. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's September 1, 2015 order requiring Plaintiff to respond to Defendant's motion for summary judgment expressly stated, "Plaintiff is warned that failure to comply with this order will result in dismissal of this action, with prejudice, for failure to prosecute." (ECF No. 27, pp. 1-2.) Thus, Plaintiff had adequate warning that dismissal could

result from his noncompliance with the Court's order. Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III.     Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 7, 2015**               /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

4